

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

June 5, 2026

<u>Via ECF</u>
Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:    *Bowden v. Caswell, et al.*, 25-cv-9301 (PMH)

Dear Judge Halpern:

I am an Assistant Attorney General in the Office of the New York Attorney General ("OAG"). OAG represents Defendant Ryan Decker, a former Department of Corrections and Community Supervision ("DOCCS") correction officer ("C.O."), in the above-captioned action. I write to respectfully request a pre-motion conference to discuss Defendant's anticipated motion to sever pursuant to Federal Rule of Civil Procedure 21. On June 4, 2026, I engaged in a meet and confer with Plaintiffs' counsel, where both parties attempted to resolve the issue in good faith without necessitating judicial intervention. However, the parties were unable to come to an agreement regarding severance of this matter.

I.      **Factual Allegations**

Plaintiffs—25 current and formerly incarcerated individuals—brought this action pursuant to 42 U.S.C. §1983 alleging that various combinations of 68 Defendants, current or retired DOCCS employees, violated their Eighth Amendment rights. (Dkt. No. 1 at ¶ 107). During different times between November 6, 2022 and November 13, 2022, Plaintiffs allege that an unspecified number of correctional officers, led by unidentified members of ten Correctional Emergency Response

Hon. Philip M. Halpern                                                                    Page 2 of 6
June 5, 2026

Teams ("CERTs") carried out a "campaign of violence" within Sing Sing Correctional Facility during a Lockdown and Overall Facility Search. *Id.* According to the Complaint, each Plaintiff was individually accosted and assaulted in or around their cell by between one and five Defendants. *See generally id.* The alleged injuries arising from these actions varied from knee and back scrapes to bruised ribs and difficulty breathing. *Id.* at ¶¶ 110(b), (g). Some Plaintiffs received treatment within Sing Sing's medical unit and/or Mt. Vernon Medical Hospital, while others did not. *See e.g.*, *id.* at ¶¶ 110(c), (g), (t), (x). Plaintiff Pegues alleges that several officers, including C.O. Decker, entered Plaintiff Pegues' cell, and non-defendant officers then assaulted Plaintiff, which caused pain in Plaintiff's ribs, back, knee, and shoulders. *Id.* at ¶ 110(n).

## II.    The Parties are Misjoined Pursuant to Fed. R. Civ. P. 20.

Joinder is governed under Fed. R. Civ. P. 20(a), which requires that, "in addition to a common question of law or fact, . . . the plaintiffs assert a right to relief arising from the same transaction or occurrence." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 520 (2d Cir. 2020) (citation and internal quotation marks omitted).

### A. The Claims Do Not Arise Out of the Same Transaction or Occurrence

"Transaction or occurrence" under Rule 20 is defined the same as under Rule 13(a) as involving a "a series of many occurrences, depending not so much on the immediateness of their connection as upon their logical relationship." *Ardolf v. Weber*, 332 F.R.D. 467, 480 (S.D.N.Y. 2019) (quoting *Moore v. N. Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)). Transaction has a "flexible" meaning. *Kehr ex rel. Kehr v. Yamaha Motor Corp.*, U.S.A., 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008). To ascertain whether several actions constituted a single transaction, courts consider a variety of factors, including whether plaintiffs were injured by the same defendant, *Ardolf*, 332 F.R.D. at 480, or by a common policy or practice, *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498,

504 (S.D.N.Y. 2013). *See also Ballard v. U.S. Bank N.A.*, No. 20-CV-5129 (NSR), 2020 WL 6381134, at *2 (S.D.N.Y. Oct. 29, 2020) (holding that plaintiffs' claims arose out of separate transactions where each involved a different defendant and the interactions varied temporally). Plaintiffs must assert more than that "the defendants merely committed the same type of violation in the same way." *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 169 (S.D.N.Y. 2012) (citation and internal quotation marks omitted).

Here, Plaintiffs allege that the 68 Defendants' conduct did not constitute a "series of isolated decisions" because it occurred in the context of the Commissioner, Deputy Commissioner of Correctional Facilities, and Sing Sing's Superintendent's cumulative actions to implement the Lockdown and Overall Facility Search. Dkt. No. 1 at ¶ 108. However, none of these decision-makers are alleged to have overseen or directed the conduct outlined in the complaint, and none were named as Defendants.

Moreover, the *modus operandi* of those named in the Complaint varied extensively, as evidenced by the array of tactics and uses of force alleged. *Cf. Ardolf*, 332 F.R.D. at 480 (holding that where victims suffered from nearly identical violations, the same *modus operandi* logically tied together the claims). *See generally* Dkt. No. 1 at ¶ 110. Further, the existence of 68 Defendants, allegedly involved in conduct stretched out over a week, weighs against this case involving a single transaction or occurrence. These dozens of individual interactions should not conceptually be collapsed into one, in particular when considering that C.O. Decker's alleged involvement is limited to one instance. *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 559 (S.D.N.Y. 2013) ("Given its involvement in only one of the 15 transactions that remain in the case, [the defendant] assuredly has not been adequately alleged to have been part of a common series of transactions.").

### III.    Severance is Appropriate Under Fed. R. Civ. P. 21

Hon. Philip M. Halpern                                                           Page 4 of 6
June 5, 2026

Under Fed. R. Civ. P. 21, courts in this Circuit consider five factors, the first two of which are adapted from Fed. R. Civ. P. 20 and discussed in Point II: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claim." *Oram*, 979 F. Supp. at 502–03. Courts enjoy broad discretion in severing parties, and need find only one factor to grant severance. *See Kalie*, 297 F.R.D. at 503, 557. Although severance is generally considered a procedural device "to be employed only in exceptional circumstances," *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, No. 99 Civ. 0682, 2001 WL 963943, *1 (S.D.N.Y. August 23, 2001), severance should be granted here because all of the remaining factors, (3)-(5), each independently support C.O. Decker's motion.

### A.  Judicial Economy Favors Severance

When considering this factor, courts weigh whether discovery, witnesses, and/or depositions would be identical across plaintiffs. More specifically, they look to whether separate trials would require substantial overlap of witnesses or documentary proof. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 171 (S.D.N.Y. 2009). Each Plaintiff in this case alleges misconduct by a unique permutation of Defendants, engaging in unrepeated forms of conduct, generating injuries varying wildly among Plaintiffs. *See generally*, Dkt. No. 1. Because these interactions allegedly occurred within the confines of each Plaintiffs' cells, there will be minimal external witnesses overlapping across claims. Therefore, each Plaintiff would vastly differ in terms of who they would depose and what they would seek in discovery. Specifically, because C.O. Decker is only named as a Defendant by one Plaintiff, neither C.O. Decker's deposition nor any paper discovery would facilitate discovery, adjudication, or settlement of any other claims. Nor would

Hon. Philip M. Halpern                                                    Page 5 of 6
June 5, 2026

depositions of, nor paperwork related to other Plaintiffs or Defendants facilitate the adjudication of the claim against C.O. Decker. Severance would thus lead to a shorter trial "more efficient and less expensive than one long, combined trial in which the Court must constantly caution the jury to not consider evidence that is irrelevant or inadmissable against a particular Defendant." *Cestone v. Gen. Cigar Holdings, Inc.*, No. 00-CV-3686, 2002 WL 424654, at *3 (S.D.N.Y. Mar. 18, 2002).

### B.  Granting Severance Would Avoid Prejudice to C.O. Decker

Proceeding with these misjoined parties would be prejudicial to C.O. Decker as the consolidated case would involve numerous plaintiffs and defendants, each requiring different witnesses and evidence. *See Nolan v. Int'l Bus. Machines Corp.*, No. 24-CV-04653 (PMH), 2025 WL 1078392, at *4 (S.D.N.Y. Apr. 10, 2025). C.O. Decker is uniquely susceptible to prejudice should the case proceed un-severed because of his limited involvement. *See Kalie*, 297 F.R.D. at 559 (finding the potential for spillover prejudice was especially high for a defendant against whom only one plaintiff had a claim if all plaintiffs' claims were tried against all defendants in one trial).

### C.  The Separate Claims Require Different Witnesses and Documentary Proof

Because no two Plaintiffs name the same combination Defendants and because of the isolated environments in which the alleged misconduct occurred, each claim will necessarily involve different witnesses and discovery. *See supra* III. A.

### IV.    Conclusion

Accordingly, C.O. Decker respectfully requests a pre-motion conference to discuss the filing of a motion to sever for the reasons stated herein. I thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ S. Cynthia Luo*
S. CYNTHIA LUO

Hon. Philip M. Halpern
June 5, 2026

                                    Assistant Attorney General
                                    212-416-8037
                                    Cynthia.Luo@ag.ny.gov

cc:    Alexander R. Klein, Esq.
       *Counsel for Plaintiff*
       (**via ECF**)